Neil R. Trop
Attorney at Law
1991 Village Park Way
Suite 160
Encinitas, CA  92024
(760) 634-1295
(760) 634-1296 (fax)
neiltroplaw@hotmail.com
SBN: 68246

Attorney for Material Witness:  ERNESTINA PATRICIA SERRANO

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA
# (THE HONORABLE BARRY T. MOSCOWITZ)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR2427BTM |
| | ) | |
| Plaintiff, | ) | DATE:  8/15/08 |
| vs. | ) | TIME:  2:00 p.m. |
| | ) | |
| CHRISTIAN PEREZ-GARCIA, et al. | ) | **NOTICE OF MOTION AND MOTION FOR VIDEO DEPOSITION OF MATERIAL WITNESS ERNESTINA PATRICIA SERRANO** |
| Defendants. | ) | |

TO: Norma Aguilar of Federal Defenders, Attorney for Defendant Christian Perez-Garcia, Victor Manuel Torres, Attorney for Defendant Miguel Angel Flores-Ley and AUSA Rebecca Kanter, US Attorney's Office, Attorney for Plaintiff, the United States of America.

PLEASE TAKE NOTICE that on August 15, 2008 at 2:00 p.m. in the courtroom of the Honorable Barry T. Moscowitz, United States District Court Judge, or as soon thereafter as counsel may be heard, material witness Ernestina Patricia Serrano, by and through her counsel, Attorney Neil R. Trop, will seek an order of this Court authorizing and mandating the video tape deposition of this material witness.

The proposed order describing the conditions of the deposition, and the subsequent direct release of the witness to the custody of the Bureau of Immigration and Customs Enforcement has been served on all parties and has been filed in this Court. Should any counsel require an additional copy of said Order they may contact Attorney Trop.

DATE:     7/31/08              /s/ *Neil R. Trop*
                               NEIL R. TROP, Attorney for Material
                               Witness Ernestina Patricia Serrano

Neil R. Trop
Attorney at Law
1991 Village Park Way
Suite 160
Encinitas, CA  92024
(760) 634-1295
(760) 634-1296 (fax)
neiltroplaw@hotmail.com
SBN: 68246

Attorney for Material Witness: ERNESTINA PATRICIA SERRANO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR2427BTM |
| | ) | |
| Plaintiff, | ) | |
| | ) | DATE: 8/15/08 |
| vs. | ) | TIME: 2:00 p.m. |
| | ) | JUDGE: Barry T. Moscowitz |
| | ) | |
| | ) | **POINTS AND** |
| | ) | **AUTHORITIES IN** |
| CHRISTIAN PEREZ-GARCIA, et al. | ) | **SUPPORT OF MOTION** |
| | ) | **FOR VIDEO DEPOSITION** |
| Defendants. | ) | **OF MATERIAL WITNESS** |
| | ) | **ERNESTINA PATRICIA** |
| | ) | **SERRANO** |
| | ) | |
| | ) | |

## I.

## INTRODUCTION

The material witnesses, Ernestina Patricia Serrano, is alleged to be an undocumented alien apprehended by an agent of the United States Bureau of Customs and Border Protection at the intersection of Dairymart Road and

Clearwater Road near the San Ysidro Port of Entry. It is alleged that Ernestina Patricia Serrano was found to be one of thirteen passengers who were traveling in a white van. Defendant Christina Perez-Garcia is alleged to be the driver of that vehicle. Defendant Miguel Angel Flores-Ley is alleged to have been a passenger in the white can who was assisting in the illegal transportation.

Ernestina Patricia Serrano has been held in U.S. Marshal's custody under a federal material witness complaint since on or about June 25, 2008 and is unable to gain release from custody. Under these circumstances, she will continue in the custody of the United States unless and until her release is achieved through the operation of a video deposition. Such continued custody constitutes an unreasonable hardship on the material witness and her family.

There are two other material witnesses in this same action, Francisco Javier Uribe-Pelayo and Victor Manuel Morales-Izarraraz. These two material witnesses have been released on bond and will be available to provide live testimony at trial, should trial occur in this case.

Ernestina Patricia Serrano, by and through her counsel, moves this Court for an order under 18 U.S.C. § 3144 and Federal Rule of Criminal Procedure 15, as counsel has been unable to secure the release of said material witness under the conditions imposed by the government in this matter.

## II.

## UNDER EXISTING FEDERAL LAW THE COURT IS REQUIRED TO ORDER THE DEPOSITION AND RELEASE OF THESE WITNESSES

18 U.S.C. § 3144 provides that material witnesses who are unable to comply with any condition of release have the right to have their deposition taken and thereafter be released:

"No material witness may be detained because of inability to comply with a condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. . ."

Further, Federal Rule of Criminal Procedure 15 (a) provides the procedural basis for this motion for deposition:

"If a witness is detained pursuant to § 3144 of Title 18, United States Code, the Court on written motion of the witness and upon notice to the parties may direct that the witness's deposition be taken. After the deposition has been subscribed the Court may discharge the witness. . ."

The language of 18 U.S.C. § 3144 is mandatory and requires material witnesses' deposition and release. Moreover, any ambiguity which exists in 18 U.S.C. § 3144 must be construed in favor of material witnesses who have been incarcerated indefinitely without being charged with any criminal violation.

In the case of *In re Class Action Application for Habeas Corpus on behalf of all Material Witnesses in the Western District of Texas*, 612 F.Supp. 940, 945 (1985), the Court stated:

"As a final matter, this Court is of the opinion that 18 U.S.C. § 3144 required that an individual incarcerated as a material witness be deposed if certain requirements are met. Without assistance of counsel, it is this Court's belief that deposition of material witnesses rarely go forward and that as a consequence the incarceration of material witnesses is prolonged. This Court is of the opinion that extant procedures not only create the risk of erroneous deprivations of liberty, but also create the risk of unnecessarily prolonged deprivation of liberty. . ."

The instant witness is entitled to due process of the law under the Fifth Amendment. Id. 612 F. Supp. At 944. Also see *United States v. Linton* 502 F. Supp. 878 (1980), which had a material witness's deposition ordered and then ordered the release of material witness despite failure of the witness to appear in response to subpoena in the underlying criminal action.

Further, legislative history supports the position that the deposition and release of the material witness is mandatory.

Section 3144: RELEASE OR DETENTION OF A MATERIAL WITNESS, states (in part):

"This section carries forward, with two significant changes, current 18 U.S.C. 3149 which concerns the release of a material witness. If a person's

testimony is that it may become impracticable to secure his presence by subpoena, the government is authorized to take such person into custody. A judicial officer is to treat such a person in accordance with § 3142 and to impose those conditions of release that he finds to be reasonably necessary to assure the presence of the witness as required, or if no conditions of release will assure the appearance of the witness, order his detention as provided in § 3142. However, if a material witness cannot comply with release conditions or there are no release conditions that will assure his appearance, but he will give a deposition that will adequately preserve his testimony, the judicial officer is required to order the witness's release after the taking of the deposition if this will not result in a failure of justice . . ." 1984 U.S. code Cong. And Adm. News, p. 3182.

      The Court's attention is further directed to the case of *Martin Torres-Ruiz; Rafael Machado-Triana v. United States District Court for the Southern District of California* (1997) 120 F.3d 933 in which our own Ninth Circuit reviewing a Southern District case held that aliens who are detained as material witnesses in alien smuggling prosecutions are entitled to have the court schedule videotaped depositions because the aliens' testimony can be adequately preserved by such procedures and further detention would cause the aliens and their families to continue to suffer extreme and unnecessary hardship. That court found such hardship to constitute "exceptional circumstances." (Id at p. 935.)

In the instant matter, counsel for the detained material witness believes there will be no failure of justice in requiring the deposition, and asserts that such is supported by case law. It is true that the defendant has a Constitutional right to confront and cross-examine witnesses against them, but these rights must be balanced against the Constitutional rights of the detained witness. In this matter, the defendant is represented by counsel, counsel for the defendant will be notified of the time and place of the deposition and counsel is invited to ask all questions of the witness which they believe will further their client's case.

### III.

### CONCLUSION

Under the clear meaning of U.S.C. § 3144, legislative history and relevant case law, the ordering of deposition and subsequent release of this material witness appears mandatory.

With that in mind, the witness respectfully requests this Court to grant video deposition of her testimony and then order her released to the custody of the Bureau of Immigration and Customs Enforcement.

DATE:  7/31/08                /s/ Neil R. Trop
                              NEIL R. TROP, Attorney for
                              Material Witness Ernestina Patricia Serrano

Neil R. Trop
Attorney at Law
1991 Village Park Way
Suite 160
Encinitas, CA  92024
(760) 634-1295
(760) 634-1296 (fax)
neiltroplaw@hotmail.com
SBN: 68246

Attorney for Material Witness: ERNESTINA PATRICIA SERRANO

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR2427BTM |
| | ) | |
| Plaintiff, | ) | |
| | ) | DATE:  8/15/08 |
| vs. | ) | TIME:  2:00 p.m. |
| | ) | JUDGE:  Barry T. Moscowitz |
| | ) | |
| CHRISTIAN PEREZ-GARCIA, et al. | ) | |
| | ) | **DECLARATION OF** |
| Defendants. | ) | **ATTORNEY NEIL R.** |
| | ) | **TROP IN SUPPORT OF** |
| | ) | **MOTION FOR VIDEO** |
| | ) | **DEPOSITION** |
| | ) | **OF MATERIAL WITNESS** |
| | ) | **ERNESTINA PATRICIA** |
| | ) | **SERRANO** |
| | ) | |

Based upon information and belief Neil R. Trop declares under penalty of perjury as follows:

Material witness Ernestina Patricia Serrano has been in custody in her capacity as a material witness since June 25, 2008.  She is unable to attain

release from custody. The Bureau of Immigration and customs will not permit her release from custody inasmuch as she has a record of previously violating immigration laws.

Enestina Patricia Serrano is the mother of three children, two of the minors, ages 16 years and 7 years. While the father of the 7 year old assists with his financial support, Ernestina Patricia Serrano is the sole provider for the 16 year old. Ernestina Patricia Serrano also assists with her seventy year old father who suffers diabetes and her sixty-five year old mother who suffers multiple sclerosis.

Executed this 31st day of July, 2008 at Encinitas, California.

/s/ Neil R. Trop
NEIL R. TROP, Attorney for
Material Witness Ernestina Patricia Serrano

NEIL R. TROP  Case No. 08CR2427BTM
Attorney at Law
1991 Village Park Way
Suite 160
Encinitas, CA  92024

# DECLARATION OF SERVICE

I, the undersigned, say:  I am over 18 years of age, employed in the County of San Diego, California, in which county the within-mentioned delivery occurred, and not a party to the subject cause.  My business address is 1991 Village Park Way, Suite 160, Encinitas, California.  I served **NOTICE OF MOTION AND MOTION FOR VIDEO DEPOSITION OF MATERIAL WITNESS ERNESTINA PATRICIA SERRANO, DECLARATION OF NEIL R. TROP IN SUPPORT OF MOTION FOR VIDEO DEPOSITION OF MATERIAL WITNESS ERNESTINA PATRICIA SERRANO, and POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR VIDEO DEPOSITION OF MATERIAL WITNESS ERNESTINA PATRICIA SERRANO** of which was a true and correct copy of the document filed via the District Court's electronic filing system to each party named hereafter, as follows:

| | |
|---|---|
| Norma Aguilar, Esq. | Victor Manuel Torres, Esq. |
| Federal Defenders | (Counsel for Defendant Flores-Ley) |
| (Counsel for Defendant Perez-Garcia) | |

AUSA Rebecca Kanter
U.S. Attorney's Office
(Counsel for Plaintiff)

The document was electronically filed and thereby served by the undersigned at Encinitas, California on July 31, 2008.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 31, 2008, at Encinitas, California.

                                                                /s/ *Neil R. Trop*